# LAW OFFICE OF GARY E. BLAIS, ESQ.

Admitted R.I. 1984

(401) 273-9720
Fax: (401) 273-0923
E-Mail:blaze424@yahoo.com

March 22, 2006

RECEIVED
MAR 2 ? REC'D
Equity One

Equity One
112 Woodcrest Road
Cherry Hill, NJ 08003
ATTN: Customer Service Department

Re: **Loan Number 00070005920**

**NOTICE AND SERVICE OF CIVIL LITIGATION**

Dear Sir/Madam:

You are hereby served with a formal complaint initiating legal action against your company for intentional harm to my credit report without any need nor basis.

You must file an answer against this Complaint with the appropriate case number adhered thereon within twenty (20) days from date of service. I enclose a summons for your review along with the filed complaint. Your failure to so answer will result in a default judgment against you.

On this date I received an update of a negative report upon my credit report from Experian.com. You have listed a negative that I have been over thirty (30) days overdue in mortgage payments to your company. (Annexed is the report notice). Your company is responsible for my only being able to obtain a new re-finance loan at exorbitant interest rate.

I demand a trial by jury on all counts.

Sincerely,

Gary E. Blais

RR: CERT. MAIL
#70040750000441308782

# State of Rhode Island and Providence Plantations
## SUPERIOR COURT

[ ] PROVIDENCE/BRISTOL [ ] KENT [ ] WASHINGTON [ ] NEWPORT

CIVIL ACTION, FILE No 06 1639

Gary E. Blais
**Plaintiff**

Equity One, Inc.
**Defendant**

***Summons***

*To the above-named Defendant:* Equity One, 112 Woodcrest Road, Cherry Hill Road,NJ. 08003

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon GARY E. BLAIS, ESQ., Plaintiff's attorney, whose address is 272 BROADWAY, PROVIDENCE, R.I. 02903

an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you,exclusive of the day of service.

If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

CLERK

Dated: 3-22-2006

(Seal of the Superior Court)

STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

GARY E. BLAIS

VS.

C.A. No.: 06 1639

EQUITY ONE, INC.

**COMPLAINT**

NOW comes the Plaintiff in the above entitled cause and sets forth the facts upon which his Complaint against the Defendant is based.

**JURISIDICTION**

The Plaintiff states that the Honorable Rhode Island Superior Court has jurisdiction over this cause all pursuant to 15 USC. Sec. 1601, otherwise described as the Federal Fair Debt Reporting Act, hereinafter referred to as the "Act", signed into law by President Carter.

**FACTS**

**COUNT I**

1. That the Plaintiff in this cause is a resident of the State of Rhode Island at the time this cause of action arose and that said Plaintiff is a "debtor" as defined under the "Act" and has suffered grievous harm to his financial standing, his ability to obtain credit and other losses as a direct result of the Defendant's actions in violation of law;
2. That the Defendant, upon information and belief, is a creditor as defined under the "Act", and has subjected itself to the jurisdiction of the State of Rhode Island by either/or doing business in this State and therefore is amenable to suit, or alternatively, by taking such actions that are so repugnant to the Plaintiff's rights in this cause, and that Defendant has as it principal business location 112 Woodcrest Road, Cherry Hill, NJ, 08003, and that the Defendant is

subject to this jurisdiction by doing business herein and due to its willful commission of violations of Federal Law within this jurisdiction;

3. That as a direct result of the Defendant's actions in this cause the Plaintiff has incurred and will incur losses due to exorbitant interest rates that his creditors apply to his credit debts, directly as a result of the Defendant's violation of the "Act";

4. That the Plaintiff on or about March 22, 2006, discovered upon being charged exorbitant interest on a re-finance of his real estate discovered that the reason for this high interest rate on loan closed March 16th, 2006, with New Century Mortgage for the amount of Two Hundred Thousand ($200,000.00) Dollars was due to the Defendant intentionally and maliciously filing a defamatory remark upon his credit report, and upon obtaining a copy of his credit report from Experian, a credit reporting service, that the Defendant has advertised, published and held out to inquiring creditors that the Plaintiff has made late payments upon the mortgage debt with the Defendant, Equity One, more than two (2) times since the initiation of this loan in 2004, and that said Defendant has reported that said debt was owed and unpaid since March of 2006, and before, all of which information is false and untrue, (See Exhibit One attached);

5. That the Plaintiff denies ever being more than thirty (30) days past due on any monthly installment and in fact the Plaintiff has receipt of all monthly payments as posted by the Defendant, and not one is more than thirty (30) days past due for any one month, in fact, every check, except the March, 2006, check were posted before the expiration of the fifteenth day grace period, the March check was posted and paid on March 20, 2006, and further Plaintiff declares that the Defendants action in reporting a debt incorrect and maliciously is a violation of the Fair Debt Collection Practices Act

as therefore actionable under the terms of the Act, and that Defendant's actions have caused Plaintiff to be denied credit most recently, to have paid an exorbitant amount of interest on a real estate finance causing Plaintiff to lose several thousands on this refinance and has caused Plaintiff to make interest payments on consumer debt above and beyond that which Plaintiff's true credit rating would provide if not for the Defendant's willful, and intentional actions, all in violation of the "Act", set forth above;

WHEREFORE, the Plaintiff demands the following relief;

I. That the Defendants be found in willful violation of the Plaintiff's rights under the Federal Fair Debt Collection Practices Act, and the Federal Fair Debt Reporting Act, and that the Defendant be fined pursuant top said acts, and that the Plaintiff be reimbursed all his costs incurred hereon, including a reasonable attorneys fee for the prosecution of this cause;

II. That the Plaintiff be granted judgment against the Defendant in this cause for the amount of One Million ($1,000,000.00) Dollars, which amount are the losses and payments that the Plaintiff has and will make as a result of paying higher interest charges on consumer loans, mortgages and revolving charge accounts as a result of the Defendants unfair reporting of a debt that the Plaintiff has timely made payments upon;

III. That the Defendants be ordered to contact all credit reporting agencies existing within the United States and remove this published debt in its entirety, and/or that the Defendants be Ordered to contact each and every credit card company, consumer loan entity and mortgage company through which the Plaintiff has had or maintains

contact with concerning any debt, or application for credit through any such company, agency, entity of financial institution and submit in writing their error in reporting any such debt as due by the Plaintiff in this cause;

IV. That the Honorable Superior Court refer this matter to the State of Rhode Island Attorney general's Office for investigation relative to illegal reporting activities of the Defendant;

V. That the Plaintiff be awarded punitive damages against the Defendant in this cause in an amount that meets or exceeds the jurisdictional minimum requirement of the Honorable Superior Court;

VI. That the Honorable Superior Court Order any other relief that it determines is meet and just under the prevailing circumstances;

COUNT II

6. That the Plaintiff re-avers, re-states and incorporates by reference all of Count I of this Complaint and further alleges, to wit:

7. That the Defendant by its actions have intentionally defamed the Plaintiff and has caused him the loss of further credit and has caused the Plaintiff to suffer obliquy, embarrassment and shame as a result of the actions of the Defendant in falsely making negative comments about the Plaintiff to all lenders and others by publishing of these false, untrue and damaging remarks;

WHEREFORE, the Plaintiff demands the following relief;

I. That the Defendants be found in willful violation of the Plaintiff's rights under the Federal Fair Debt Collection

Practices Act, and the Federal Fair Debt Reporting Act, and that the Defendant be fined pursuant top said acts, and that the Plaintiff be reimbursed all his costs incurred hereon, including a reasonable attorneys fee for the prosecution of this cause;

II. That the Plaintiff be granted judgment against the Defendant in this cause for the amount of One Million ($1,000,000.00) Dollars, which amount are the losses and payments that the Plaintiff has and will make as a result of paying higher interest charges on consumer loans, mortgages and revolving charge accounts as a result of the Defendants unfair reporting of a debt that the Plaintiff has timely made payments upon;

III. That the Defendants be ordered to contact all credit reporting agencies existing within the United States and remove this published debt in its entirety, and/or that the Defendants be Ordered to contact each and every credit card company, consumer loan entity and mortgage company through which the Plaintiff has had or maintains contact with concerning any debt, or application for credit through any such company, agency, entity of financial institution and submit in writing their error in reporting any such debt as due by the Plaintiff in this cause;

IV. That the Honorable Superior Court refer this matter to the State of Rhode Island Attorney general's Office for investigation relative to illegal reporting activities of the Defendant;

V. That the Plaintiff be awarded punitive damages against the Defendant in this cause in an amount that meets or exceeds the jurisdictional minimum requirement of the Honorable Superior Court;

VI. That the Honorable Superior Court Order any other relief that it determines is meet and just under the prevailing circumstances;

***PLAINTIFF DEMANDS TRIAL BY JURY***

Plaintiff, Pro Se,

Gary B. Blais, Esq. 3063
272 Broadway
Providence, RI 02903
(401) 273-9720

DATED: March 22, 2006